**Thomas E. DOYLE, Plaintiff-Appellant,**

v.

**MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Defendant-Appellee.**

**No. 16927.**

United States Court of Appeals
Sixth Circuit.
April 20, 1967.

Howell W. Vincent, Covington, Ky., Richard S. Nelson, Covington, Ky., on brief, for plaintiff-appellant.

John M. Bullock, Cincinnati, Ohio, Taft, Stettinius & Hollister, Cincinnati, Ohio, on brief, for defendant-appellee.

Before EDWARDS, CELEBREZZE, and McCREE, Circuit Judges.

McCREE, Circuit Judge.

This is an appeal from an order of summary judgment entered in favor of Defendant-Appellee Massachusetts Mutual Life Insurance Company, hereinafter the insurance company, in a diversity action brought by Plaintiff-Appellant Thomas E. Doyle to have himself declared presently entitled to the proceeds of Policy No. 967347 issued by the insurance company. The substantive law of Ohio is applicable. The facts of the case, which will presently be summarized, are far more complex than the legal issues involved, and we affirm the order of the district court.

Thomas E. Doyle is the only child of William E. Doyle and Anne McGlasson Doyle, and the only grandchild of Edward H. Doyle and Annie Doyle, the parents of William E. Doyle. Of the named persons, Thomas E. Doyle and his mother, Anne McGlasson Doyle, are living.

On July 2, 1930, Edward H. Doyle applied to the insurance company for a policy in the amount of $100,000 on the life of his son, William E. Doyle. The application provided: "The right to change any beneficiary is reserved to the applicant or his legal representatives." Pursuant to this application, Policy No. 967347 was issued on July 30, 1930, and states on its face that the beneficiary shall be "as provided in the 'Special Settlement Agreement' of even date hereto attached." The "Special Settlement Agreement" referred to states in part:

The right to successively change the benefit without the consent of any beneficiary is reserved exclusively to the said Edward H. Doyle, or his legal representatives.

On August 2, 1930, a document entitled "Amendment of Application" was signed by Edward H. Doyle and William E. Doyle. This document, which was not attached to Policy No. 967347, provides in part:

The said Edward H. Doyle, or his legal representatives, shall be entitled to all dividends under the policy, and shall have the exclusive right, without the insured's further assent, to exercise any or all of the privileges, options, or elections contained in the policy.

Edward H. Doyle modified the beneficiary provisions of the policy several times, the last of these being July 29, 1938. This final amendment provided that upon the maturing of the policy as an endowment or death claim, the insurance company would retain the proceeds of the policy, paying the interest to Edward H. Doyle, if living, for the remainder of his life, and then paying the interest to the First National Bank of Cincinnati, Ohio, as trustee of a trust created by Edward H. Doyle on June 19, 1933, to manage and distribute the interest, dividends, and income from several of his insurance policies and other investments.

The 1933 trust is to continue

during the lifetime of Annie Doyle, wife of Trustor, William E. Doyle, his son, and Thomas E. Doyle, son of said William E. Doyle, and/or the survivor of them; and in the event that at the death of the survivor of the above-named beneficiaries there is/are in being another child or children, or lawful lineal descendent or descendents of William E. Doyle, then the trust shall continue for an additional twenty-one years from the death of such survivor. * * *

The 1938 amendment to the insurance policy provides that following the termination of the trust, the proceeds of the policy will be divided into shares equal in number to the number of then living children of William E. Doyle and Anne McGlasson Doyle; the insurance company is to hold these shares, paying the interest to these children and the proceeds to their executors or administrators. If there are no such living children at the termination of the trust (which will in fact be the case, since Thomas is the only child of William and Anne and will not be living at the termination of the trust), the policy makes alternative disposition of the proceeds.

It is apparent that if the foregoing plan is effectuated, Thomas E. Doyle may receive interest from Policy No. 967347 under the terms of the 1933 trust, but will receive none of the proceeds thereof since the trust cannot terminate sooner than his death and no proceeds will be distributed until the trust terminates. The instant suit represents Thomas E. Doyle's attempt to upset the plan and obtain the proceeds. His original complaint alleged that payment of the proceeds in the specified manner would violate the rule against perpetuities. It is noteworthy that he based this contention only on certain selected provisions of the insurance policy; no attack was made on the provisions of the trust, nor, in fact, was any apparent effort made to relate the terms of the policy to the terms of the trust and thereby to consider the complex plan in its entirety. He later filed an amended complaint, contending that since the August 2, 1930 "Amendment of Application" was

never attached to the policy, Edward H. Doyle had no power to change the beneficiary provisions and the 1938 amendment referring to the trust was therefore invalid. The district court rejected both contentions in its order granting summary judgment, and these contentions are repeated here as the grounds for appeal.

With regard to the assertion that Edward H. Doyle had no power to modify the beneficiary provisions, we are entirely in accord with the reasoning of the district court:

> Since the policy itself, introduced by both parties, has the right to change the beneficiary reserved to Edward H. Doyle, both in the application for the policy, which became a part of the contract, and by a supplemental agreement attached to the policy, this averment is legally insufficient and without merit.

The district court rejected Doyle's claim concerning violation of the rule against perpetuities (which Doyle at times confuses with the rule in Shelley's Case) on the ground that an Ohio probate court had held that the trust created by Edward H. Doyle does not violate the rule. While we express no disagreement either with the substantive conclusion of the Ohio probate court or with the conclusion of the district court that the Ohio result should be considered binding, there is an even more basic reason for rejecting Doyle's contention. Doyle has not attacked the validity of the trust, but rather that of the insurance policy. The rule against perpetuities applies to property interests, not to contractual obligations such as those created by Policy No. 967347. See Leach, "Perpetuities in a Nutshell", 51 Harv.L.Rev. 638, 660 (1938). This proposition finds statutory support in the law of Ohio:

> Any life insurance company, organized or licensed to do business under the laws of this state, may hold the proceeds of any life or endowment insurance or annuity contract issued by it upon such terms and restrictions as to revocation by the insured and control

by beneficiaries, with such exemptions from legal process and the claims of creditors of beneficiaries other than the insured, and upon such other terms and conditions, *irrespective of the time and manner of payment of said proceeds*, as have been agreed to in writing by such company and the insured or beneficiary. Such insurance company is not required to segregate funds so held but may hold them as a part of its general corporate assets. (Emphasis added.) Ohio Rev.Code, § 3911.14.

Affirmed.